UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

VICTORIA VENTURA, individually and
on behalf of all others similarly situated,

                Plaintiff,

  -v-                                          No. 23-CV-2115-LTS

H & M HENNES & MAURITZ L.P.,

                Defendant.

-------------------------------------------------------x

## MEMORANDUM ORDER

In this putative class action, Plaintiff Victoria Ventura ("Plaintiff" or "Ms. Ventura"), individually and on behalf of all others similarly situated who worked as retail clothing store employees in New York for H&M Hennes & Mauritz L.P. ("Defendant" or "H&M"), asserts a single claim against H&M, for failure to pay timely wages in violation of New York Labor Law ("NYLL") section 191(1)(a). (Docket entry no. 1 ("Complaint" or "Compl.").) The case is before the Court on H&M's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). (Docket entry no. 19 ("Motion").) The Court has carefully considered the submissions of both parties in connection with the instant Motion. (Docket entry no. 19-1 ("Def. Mem."); docket entry no. 26 ("Pl. Mem."); docket entry no. 28 ("Reply").) For the following reasons, H&M's Motion is granted.

### BACKGROUND[1]

H&M is a retail clothing company with approximately 493 U.S. stores, including

---

[1] In deciding a Rule 12(b)(1) motion to dismiss, the Court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) (quoting Natural Res. Def.

34 stores in New York. (Docket entry no. 19-2 ("Demeo Decl.") ¶ 2.) At the time the Complaint was filed, H&M Hennes & Mauritz, L.P., a limited partnership, controlled all of H&M's retail operations within the United States. (Compl. ¶ 13; Demeo Decl. ¶ 3.) Both H&M's general partner and limited partner are residents of the Netherlands. (Compl. ¶ 13.) On December 1, 2023, the limited partnership merged with H&M Fashion USA, Inc. and ceased to exist. (Demeo Decl. ¶ 3.) H&M Fashion USA, Inc., which is incorporated under the laws of Wisconsin, now controls all of H&M's operations in the United States. (Id.) At all relevant times, H&M's headquarters has been located in Manhattan. (Id. ¶ 4.) Virtually all of H&M's national operations are directed from its headquarters in New York, which houses H&M's regional manager, regional controller, legal counsel, and all of H&M's major departments. (Id.) However, on each pay statement that Ms. Ventura received, H&M's listed address was in New Jersey. (Pl. Mem. at 3-4.)

Ms. Ventura lives in New York and was formerly employed as a visual merchandiser at several H&M locations in New York. (Compl. ¶ 7.) She alleges that H&M violated NYLL section 191(1)(a) by paying the employees in the putative class bi-weekly rather than weekly. (Id. ¶¶ 1-2, 24-26.) The putative class consists of individuals currently or formerly employed as "Sales Advisors" at an H&M store in New York. (Demeo Decl. ¶ 5.) Internal data from H&M indicates that nearly 90% of current and former Sales Advisors at H&M stores in New York lived in New York during the relevant time period. (Id. ¶ 8.)

Ms. Ventura initiated this action on March 13, 2023, and, during a period of

---

Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006) (internal quotation marks omitted)). However, to "resolve the jurisdictional issue[,]" the Court "may consider affidavits and other materials beyond the pleadings[.]" J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004).

limited discovery on the issue of class certification, disclosed the job titles of the putative class members in an interrogatory response submitted on November 30, 2023. (See docket entry no. 19-3, Resp. No. 9.) H&M filed its Motion on March 8, 2024.

## DISCUSSION

"'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). When deciding a motion to dismiss under Rule12(b)(1), "the Court must accept all factual allegations pled in the complaint as true, . . . but the Court may also consider relevant materials beyond the pleadings." Harker v. Meta Platforms, Inc., No. 23-CV-7865-LTS, 2024 WL 3990261, at *2 (S.D.N.Y. Aug. 29, 2024).

The Class Action Fairness Act ("CAFA") "confers original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity, i.e., where at least one plaintiff and one defendant are citizens of different states." Gold v. N.Y. Life Ins. Co., 730 F.3d 137, 141 (2d Cir. 2013) (citing 28 U.S.C. § 1332(d)(2)). CAFA also includes three exceptions that either require or permit courts to decline exercising jurisdiction in certain circumstances. "The home state exception requires district courts to 'decline to exercise' jurisdiction over class actions in which two-thirds or more of the class, and the primary defendants, are citizens of the state in which the action was filed." Id. at 139 (citing 28 U.S.C. § 1332(d)(4)(B)). "[T]he party seeking to avail itself of an exception to CAFA jurisdiction over a case originally filed in federal court bears the burden of proving the exception applies." Anirudh v. CitiMortgage, Inc., 598 F. Supp. 2d 448, 451 (S.D.N.Y. 2009)

(quoting Mattera v. Clear Channel Commc'ns, Inc., 239 F.R.D. 70, 79 (S.D.N.Y. 2006)). Although the home state exception to CAFA is not jurisdictional, its application is analyzed under Federal Rule of Civil Procedure 12(b)(1).  Gold, 730 F.3d at 141 (holding that "Congress's use of the term 'decline to exercise' means that the exception is not jurisdictional" but the Court must "actively decline to exercise [jurisdiction]").  "[T]he Second Circuit requires that 'motions to dismiss under CAFA's home state exception must . . . be made within a reasonable time.'" Hess v. Bed Bath & Beyond Inc., No. 21-CV-04099-JLR-RWL, 2023 WL 404384, at *6 (S.D.N.Y. Jan. 25, 2023) (quoting Gold, 730 F.3d at 142).

While the Complaint alleges that this Court has jurisdiction of the above-captioned case under CAFA (Compl. ¶ 5), H&M argues that the Court is required to dismiss the action under the home state exception (Def. Mem. at 1-2).  Ms. Ventura does not dispute that over two-thirds of the proposed class are citizens of New York, the state in which the action was filed.  (See Pl. Mem. at 1.)   The applicability of the home state exception, therefore, depends on (1) whether the Motion was filed within a reasonable time, and (2) whether H&M is a citizen of New York.

Whether the Motion was Filed in a Reasonable Time

The Second Circuit has held that "CAFA's home state exception is not jurisdictional and must be . . . raised within a reasonable time."  Gold, F.3d at 139.  While "'it is preferable that such motions be made at the earliest practicable time' that is not a requirement." Hess, 2023 WL 404384, at *7 (citation omitted).  To determine whether the exception has been raised within a "reasonable time," courts consider "the time at which the home state exception could have been raised, the state of the proceedings, and judicial resources expended."  Patel v. St. John's Univ., No. 20-CV-2114-LDH-CLP, 2023 WL 3454994, at *3 (E.D.N.Y. May 15,

2023).

The Court concludes that H&M filed its motion within a reasonable time.  H&M filed its motion just under one year after Ms. Ventura filed the Complaint; in that time, "the parties have not engaged in any other motion practice, there have been no substantive rulings, and only minimal documents and written discovery have been exchanged."  (Reply at 3.)  Ms. Ventura argues that H&M waived the home state exception because "Defendant did not move until . . . nearly one full year after this matter was commenced" even though "[c]ommon sense would have immediately dictated that well beyond two-thirds of the putative class would have been residents of New York."  (Pl. Mem. at 5.)  However, Ms. Ventura does not cite, nor is the Court aware of, any cases in which a defendant was deemed to have waived the home state exception in similar circumstances.  The Court concludes, in light of the status of the litigation when the Motion was filed and the limited amount of discovery conducted prior to that time, that H&M has not waived the home state exception.

Whether H&M is a Citizen of New York

Generally, "limited partnerships have the citizenship of each of [their] general and limited partners."  Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 52 (2d Cir. 2000) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990)).  CAFA, however, provides that "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10) (Westlaw through P.L. 119-1).  Both courts in this Circuit that have considered the question have concluded that a limited partnership is an "unincorporated association" within the meaning of the CAFA citizenship provision.  See Hoosick Falls Assocs. v. Saint-Gobain Performance Plastics Corp., No. 1:16-CV-0596-LEK-DJS, 2016 WL 9995519, at *2 n.3

(N.D.N.Y. Oct. 31, 2016) (noting that CAFA "modifies [the] test" that "a limited partnership takes the citizenship of all of its partners"); Ventimiglia v. Tishman Speyer Archstone-Smith Westbury, L.P., 588 F. Supp. 2d 329, 336 (E.D.N.Y. 2008) (concluding that limited partnership's citizenship was the state of its principal place of business for purposes of jurisdiction under CAFA).[2] While neither court explained why a limited partnership is an unincorporated association under CAFA, this conclusion is consistent with the great weight of authority from courts around the country, and has the virtue of logic. See, e.g., Ferrell v. Express Check Advance of SC LLC, 591 F.3d 698, 705 (4th Cir.2010) (concluding "that the term 'unincorporated association' in § 1332(d)(10) refers to all non-corporate business entities"); Davis v. HSBC Bank Nevada, N.A., 557 F.3d 1026, 1032 n. 13 (9th Cir. 2009) (Kleinfeld, J., concurring).[3] Ms. Ventura ignores this caselaw and argues that, "[g]iven the glaring absence of authority on this point," the Court should "align with" Martin v. Curran, 303 N.Y. 276 (1951), a decades-old New York Court of Appeals case concluding that "[a] voluntary, unincorporated membership association is neither a partnership nor a corporation." (Pl. Mem. at 3.) Martin, however, was decided long before Congress enacted CAFA and did not discuss the citizenship of

---

[2]   While the Second Circuit has noted that it "has not addressed the question of whether [the term 'unincorporated association' under CAFA] encompasses limited liability companies," in that case, the court directed the district court to determine the citizenship of the LLC defendant in the first instance on remand, Carter v. HealthPort Techs., LLC, 822 F.3d 47, 60 (2d Cir. 2016), and Plaintiffs amended their complaint to reflect that an LLC is an unincorporated association under CAFA, Am. Compl., Carter et al. v. CIOX Health, LLC f/k/a HealthPort Tech., LLC, et al., No. 14-CV-06275-FPG-MWP, docket entry no. 48, ¶¶ 14-16 (W.D.N.Y. July 18, 2016)).

[3]   While two courts have applied the traditional diversity rule to limited liability companies to determine jurisdiction under CAFA, see Ringsmuth v. Repp Sports LLC, No. 19-CV-752-FTM-38-MRM, 2019 WL 5423355, at *1 (M.D. Fla. Oct. 23, 2019); Kaczor v. Klaumwell Research Labs., LLC, No. 13-CV-0713-SA, 2013 WL 12143038, at *1 (C.D. Cal. June 6, 2013), the Court is unpersuaded by these authorities because they do not discuss 28 U.S.C. § 1332(d)(10) at all.

limited partnerships, nor does CAFA provide that an unincorporated association is a corporation or a partnership. CAFA simply provides a citizenship rule to be applied, for purposes of that statute, to unincorporated associations. The Court is therefore persuaded that, for purposes of CAFA jurisdiction, a limited partnership is an unincorporated organization and must be deemed a citizen of the state where it has its principal place of business and the state under whose laws it is organized. See Ventimiglia, 588 F. Supp. 2d at 336.

H&M has at all relevant times been headquartered in New York. An organization's "principal place of business under § 1332 is 'the place where a corporation's officers direct, control, and coordinate the corporation's activities.'" OneWest Bank, N.A. v. Melina, 827 F.3d 214, 218 (2d Cir. 2016) (quoting Hertz Corp. v. Friend, 559 U.S. 77, 92–93 (2010)). H&M proffers that virtually all of H&M's national operations are directed from its headquarters in New York, which houses H&M's regional manager, regional controller, legal counsel, and all of H&M's major departments. (Demeo Decl. ¶ 4.) While Ms. Ventura asserts that she "is not necessarily in a position to refute these contentions" due to the early stage of discovery (Pl. Mem. at 3), courts regularly rely on declarations and affidavits to determine a defendant's principal place of business. See, e.g., Ventimiglia, 588 F. Supp. 2d at 336. Ms. Ventura further characterizes the fact that H&M listed a New Jersey address on every pay statement she received as "interesting" and "[n]oteworthy" insofar as it may relate to H&M's principal place of business. (Pl. Mem. at 3-4.) She does not, however, explain how this fact is relevant to the Court's citizenship analysis. Because H&M's proffers are not meaningfully disputed, it has carried its burden of demonstrating that its principal place of business is located in New York.[4] Therefore, under CAFA, it is a citizen of New York.

---

[4] Ms. Ventura filed a Notice of Supplemental Authority noting that, on March 6, 2025, a

In sum, the Court must decline to exercise jurisdiction under CAFA because two-thirds or more of the class, and the only defendant, are citizens of the state in which the action was filed.[5]

## CONCLUSION

For the foregoing reasons, H&M's Motion is granted. This Memorandum Order resolves docket entry no. 19. The Clerk of Court is respectfully directed to enter judgment dismissing the Complaint without prejudice and close this case.

SO ORDERED.

Dated: New York, New York
       March 24, 2025

                                          /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

---

court in this District "declined to render a decision on the branch of the defendant's motion where, as is the case here, the defendant sought relief based on its contention that CAFA's home-state exception applies" in McDonald v. H&M Fashion USA Inc., No. 24-CV-2476-VEC (S.D.N.Y. Mar. 6, 2025). (Docket entry no. 32 (the "Notice of Supplemental Authority") at 1.) In that case, "Plaintiffs submitted corporate records from Wisconsin indicating Defendant's '[p]rincipal [o]ffice' is in New Jersey, . . . and records from New Jersey and New York listing Defendant's main business address and address for service of process as the same location in New Jersey" to contradict Defendant's proffer of evidence that its principal place of business was in New York. (Docket entry no. 32-1 (the "McDonald Decision") at 8.) For that reason, the court ordered limited jurisdictional discovery on the issue of Defendant's principal place of business. (Id. at 9.) Here, in contrast, there is no such evidence before the Court that Defendant's principal place of business is in New Jersey.

[5]  Ms. Ventura argues that, should the Court determine that it must decline to exercise jurisdiction, the Complaint should be remanded rather than dismissed because "[t]here will have been no adjudication on the merits, and Plaintiff should be able to pursue these claims in state court." (Pl. Mem. at 6.) Where a case did not originate in state court, however, courts without subject matter jurisdiction properly dismiss the complaint without prejudice to refiling the suit in state court. See, e.g., Moore v. IOD Inc., No. 14-CV-8406-VSB, 2016 WL 8941200, at *8 (S.D.N.Y. Mar. 24, 2016). Under this procedural mechanism, Ms. Ventura may continue to pursue her claims in an appropriate forum.